**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RALPH D. KRIEGER, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br><br><br>          -against-<br><br>FINANCIAL RECOVERY SERVICES, INC.<br><br>               Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff RALPH D. KRIEGER (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant FINANCIAL RECOVERY SERVICES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act,
("FDCPA), 15 U.S.C. § 1692, *et seq.* ("FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code,
commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which
prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer"
as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business located in Edina, Minnesota.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly
engages in business the principal purpose of which is to attempt to collect debts alleged
to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")
Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who were sent collection letters and/or notices from
  Defendant attempting to collect an obligation owed to or allegedly owed to
  BARCLAYS BANK DELAWARE., in which Defendant improperly attempted
  to collect same, in violation of 15 U.S.C. §1692 *et seq.*

- The Class period begins one year to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS PARTICULAR TO RALPH D. KRIEGER**

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein

12. Some time prior to January 7, 2016, an obligation was allegedly incurred by Plaintiff.

13. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

household purposes.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

16. BARCLAYS BANK DELAWARE, directly or through an intermediary, contracted Defendant to collect its alleged debt from Plaintiff.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. In its effort to collect on the BARCLAYS BANK DELAWARE obligation, Defendant contacted Plaintiff by written correspondence on January 7, 2016. (**Exhibit A**).

19. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. As set forth in the following Counts Defendant's actions are in violation of the FDCPA.

**First Count**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

23. On the rear side of the said letter was stated as follows:

**NOTICE OF IMPORTANT RIGHTS**: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED

WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

24. Section 1692c of the FDCPA states:

    (a) COMMUNICATION WITH THE CONSUMER GENERALLY.
        Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

        (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location …

        (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

25. Defendant violated § 1692c(a)(1) and (3) of the FDCPA, which addresses how consumers can deal with receiving debt collection calls at any inconvenient place including but not limited to their places of employment.

26. Said language misrepresents a consumer's rights, because under § 1692c(a)(1) and (3), a debt collector cannot contact debtors at any inconvenient place including but not limited to their places of employment if the debt collector "knows or has reason to know" that the place is inconvenient or that the debtor or employer prohibits such contact.

27. In addition, the uppercase and prominent lettering of the said notice would make the least sophisticated consumer think that the said language is a notice unto itself, and not included in the Massachusetts residents notice.

28. Under the FDCPA, "a debt collector may not communicate with a consumer at any place or a time or place known or which should be known to be inconvenient to the consumer"

6

and a debtor is not required to make a written or even an oral request for these protections
to apply.

29. If the debt collector knows that the debtor does not want to receive calls regarding a debt
at the debtor's place of employment, the debt collector is simply obligated not to call the
debtor at work.

30. Defendant's notice contradicts and misrepresents the requirements of the FDCPA by not
allowing for any debtor to orally refuse inconvenient calls at work. *See*. Stewart v. Allied
Interstate, Inc., Dist. Court, ED New York 2011 (It may well be that [the debt collector]
has complied with the notice requirements [of a different statute], but such compliance
does not necessarily shield it from liability under the FDCPA. Thus, [the debt collector's]
motion to dismiss is denied.)

31. Defendant's January 7, 2016 letter is in violation of 15 U.S.C. §§ 1692c(a), 1692c(a)(1)
and 1692c(a)(3) for not allowing a debtor to orally refuse inconvenient calls at work. Said
letter violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 16Defendant could have taken the steps
necessary to bring its actions within compliance with the FDCPA, but neglected to do so
and failed to adequately review its actions to ensure compliance with the law.

**Second Count**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs
numbered "1" through "31" herein with the same force and effect as if the same were set
forth at length herein.

33. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive,
or misleading representation in connection with the collection of a debt.

34. At the bottom of Defendant's January 7, 2016 letter can be found 3 payment coupons,

each separated by a standard "dotted line" insert, for which the least sophisticated consumer would be confused as to its purpose.

35. The coupons were labeled "1 of 3" "2 of 3" and "3 of 3" respectively.

36. Each coupon was for the full amount allegedly due and owing to Defendant.

37. If Plaintiff were to mail in all 3 coupons, with payment for each, he would be paying 3 times the amount allegedly due and owing.

38. This effectively confused Plaintiff and the least sophisticated consumer as to her rights.

39. This is a misleading collection practice in violation of the FDCPA.

40. Defendant's misrepresentations are "material" in nature as that term is defined and used by the FDCPA specifically because said misrepresentations about credit would cause Plaintiff and other consumers to pay the debt to improve their credit scores.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By:__/s/ Alan J. Sasson_____
Alan J. Sasson, Esq. (AS 8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:     (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


*/s/ Alan J. Sasson*
Alan J. Sasson, Esq.

Dated: March 7, 2016