UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

RALPH D. KRIEGER, on behalf of himself and all others similarly situated,

                Plaintiffs,

   -against-

FINANCIAL RECOVERY SERVICES, INC.,

                Defendant.

------------------------------------------------------------------- X

16-CV-1132 (ARR) (RML)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff, Ralph Krieger, alleges that a collection letter sent to him by defendant, Financial Recovery Services, Inc. ("FRS"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because it used false, deceptive, or misleading representations in its notice of the debt. Compl., Dkt. #1, ¶¶ 20, 31, 39. Specifically, Krieger alleges that FRS's letter misrepresented his rights under the FDCPA in two respects. First, he claims a violation based on the inclusion, on the reverse side of the notice, of a section headed "ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS," stating that a debtor has the "right to make a written or oral request" to not receive telephone calls regarding the debt at his or her "place of employment." Compl. ¶ 23; Ex. to the Compl. ("Initial Notification"), Dkt. #1-3, at 2. Second, Krieger claims a violation based on the inclusion, at the bottom of the Initial Notification, of three tear-away coupons labeled "1 of 3," "2 of 3," and "3 of 3," each listing as "Current Balance" the full balance of the debt Krieger owed. FRS has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, FRS's motion is granted.

## BACKGROUND[1]

On January 7, 2016, FRS sent Krieger a letter that notified him that he owed $938.22 on a debt. Id. The letter identifies the total amount Krieger owed at six different locations:

- At the top right-hand corner of the letter, it states: "AMOUNT DUE AS OF CHARGE-OFF: $938.22." Initial Notification at 1.

- Also, at the top right-hand corner of the letter, it states, underneath the heading "Balance Itemization": "BALANCE DUE: $938.22." Id.

- In the body of the letter, it states: "You owe $938.22." Id.

- Finally, at the bottom of the letter, there are three payment coupons, each separated by a dotted line. Id. The coupons are labeled "1 OF 3," "2 OF 3," and "3 OF 3," and each states that the "Current Balance" owed is $938.22. Id.

Just above the coupons, the letter states: "Detach Coupon And Mail Payment." Id. Additionally, the body of the letter informs the recipient to "[s]ee reverse side for important information." Id.

On the rear side of the letter, at the top of the page, it provides:

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

Id. at 2. Most of the remainder of the page is devoted to state-specific notices, one of which reads "ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS." Id. This notice to Massachusetts residents (the "Massachusetts Notification") states the following:

**NOTICE OF IMPORTANT RIGHTS:** YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

---

[1] I draw all facts from the complaint and the exhibit attached to the complaint, and I assume these facts to be true in deciding this motion. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Id. (emphasis in original). Below the Massachusetts Notification and the remaining state-specific notices is a header that reads "**NOTICE TO ALL CONSUMERS.**" Id. (emphasis in original). This notice states, among other things, that "Federal Law prohibits certain methods of debt collection, and requires that we treat you fairly." Id.

Krieger commenced this putative class action on March 7, 2016. He claims that the inclusion of the Massachusetts Notification, as well as the inclusion of the three payment coupons, constitute violations of § 1692e of the FDCPA, which prohibits the use of "false, deceptive, or misleading" representations when seeking to collect on a debt. Compl. ¶¶ 31, 39. Krieger seeks actual and statutory damages, attorney's fees and costs, and pre- and post-judgment interest.

## DISCUSSION

**A.    Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), Krieger must have alleged facts that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility requirement tests whether a claimant's pleading has "give[n] the defendant fair notice of what the claim is and the grounds upon which it rests," see Twombly, 550 U.S. at 555 (internal quotation marks and alterations omitted), and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss for failure to state a claim, I must draw all inferences, within reason, in the plaintiff's favor. Bolt Elec. Inc. v. N.Y.C., 53 F.3d 465, 469 (2d Cir. 1995). But the complaint must contain some nonconclusory facts; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Courts reviewing challenges brought under the FDCPA use the "least sophisticated consumer" standard of review, examining "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). Using this standard, the Second Circuit has emphasized that "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993); see also Rosa v. Gaynor, 784 F. Supp. 1, 3 (D.Conn.1989) (the FDCPA "does not extend to every bizarre or idiosyncratic interpretation of a creditor's notice [but] does reach the reasonable interpretation of a notice by even the least sophisticated consumer"). Thus, even the least sophisticated consumer is expected to read a collection notice "with some care," Clomon, 988 F.2d at 1319, which necessarily includes reading a notice "in its entirety," McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002).

## B.     The Massachusetts Notification[2]

Krieger first alleges that "the uppercase and prominent lettering" of the Massachusetts Notification misled him to believe that the Massachusetts Notification was "a notice unto itself" directed at consumers within every state, rather than a notice for only Massachusetts residents. Compl. ¶ 27. Krieger claims that this apparent confusion amounts to a violation of the FDCPA because it misstates his federal rights. Id. ¶¶ 30-31. Sections 1692c(a)(1) and (3) of the FDCPA

---

[2]     I need not reach the argument that FRS raised in its reply brief regarding the applicability of the Supreme Court's recent decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016). See Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. for Dismissal Pursuant to Fed. R. Civ. P. 12(B)(6) ("Def.'s Reply Br."), Dkt. #10-3, at 6-7. Spokeo addressed the showing a plaintiff must make to establish the injury in fact element of standing, as required by Article III of the United States Constitution. 136 S. Ct. at 1547-48. FRS argues that plaintiff has failed to establish injury in fact— and thus his claims must be dismissed for lack of standing—because his "allegations that the coupons and the Massachusetts disclosure are misleading do not allege any concrete harm." Def.'s Reply Br. at 7. Because, as set forth below, I dismiss the case for failure to state a claim upon which relief may be granted, I do not reach whether the harm alleged was sufficiently concrete to satisfy Article III's requirements.

prohibit a debt collector from communicating with a consumer "at any unusual time or place" or "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." Id.; see also Compl. ¶ 24. The Massachusetts Notification, on the other hand, provides that consumers have the right, orally or in writing, to request that they not be contacted at work, and that an oral request is valid only for ten days. Initial Notification at 2. The crux of Krieger's claim is that— because his rights under federal law are broader than those described in the Massachusetts Notification (and, more generally, under Massachusetts law[3])—the inclusion of the Massachusetts Notification on the back of his debt collection letter misrepresents the scope of his federal rights.

FRS responds that the state-specific disclosure simply informs Massachusetts residents of their rights, as it must do under state law, and does not imply anything about the rights of non-residents. Moreover, FRS argues that any possible confusion regarding the state-specific disclosures is cured by the disclaimer that it placed at the top of the page notifying the debtor that that the state-specific "list does not contain a complete list of the rights consumers have under Federal, State, or Local laws." Def.'s Mem. of Law in Supp. of Mot. for Dismissal, ("Def.'s Br."), Dkt. #10, at 9 (quoting Initial Notification at 2) (citing Jenkins v. Union Corp., 999 F. Supp. 1120 (N.D. Ill. 1998) (finding that the exact curative language used in the instant case was legally sufficient to precede state-specific disclosures)).

I agree with the defendant that not even the least sophisticated consumer could have been misled by the inclusion of the Massachusetts Notification. The notification states that it applies

---

[3]  See 940 Mass. Code Regs. 7.04(1)(i) ("It shall constitute an unfair or deceptive act or practice for a creditor to contact a debtor . . . [by] failing to send the debtor the following notice in writing . . . [reproducing the exact language of the Massachusetts Notification].").

only to Massachusetts residents, and is couched above and below a number of other state-specific notices. Initial Notification at 2. In contrast, a separate section at the bottom of the letter is explicitly addressed to "all consumers." Id. Additionally, above all of the state-specific notices is a disclaimer that provides that "[t]his list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws." Id. As one court in this District stated,

> It seems unlikely that an unsophisticated consumer would bother to read technical language addressed to residents of another state. It would be even more unusual for that unsophisticated consumer to parse the language of the notice provided for [certain state] residents as an attorney would, and infer that rights specifically disclosed only to residents of [that state] must be rights that others do not have.

Jackson v. Immediate Credit Recovery, Inc., No. 05-CV-5697, 2006 WL 3453180, at *5 (E.D.N.Y. Nov. 28, 2006). That the lettering of the Massachusetts Notification was in uppercase does not change this analysis. In fact, the lettering of both the "Additional Information for Colorado Residents," and the "Additional Information for Minnesota Residents" are also in uppercase. Initial Notification at 2. But in each, the state-specific disclosures are delineated by headings that clearly inform consumers like Krieger that they apply only to residents located within those states.

I finally note that although Congress gave debtors the statutory right to notify a debt collector in writing that that he or she does not want further communications from the collector, 15 U.S.C. § 1692(c), it "did not include in the FDCPA a mandatory notification provision" regarding those rights, see Brown v. ACB Bus. Servs., Inc., No. 95-CV-10197, 1996 WL 469588, at *3 (S.D.N.Y. Aug. 16, 1996). Because Congress did not chose to create such a mandatory provision, I decline to do so de facto today. See, e.g., Brown, 1996 WL 469588, at *3 ("If this Court held that any debt collector who included state rights notifications but not federal rights notifications in its collection letters violated the FDCPA, the Court would in effect write a

6

notification requirement into the FDCPA."); cf. 15 U.S.C. § 1692(g) (providing specific information that a debt collector must include in a debt notice).

I thus join the "weight of authority . . . [that] supports the conclusion that state-specific notifications are not so confusing as to violate the FDCPA." Jackson, 2006 WL 3453180, at *4 (dismissing an FDCPA claim challenging a state-specific disclosure as misleading); Brown, 1996 WL 469588, at *3 (same); White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000) (reaching the same result even when the notice did not specify that federal law provided rights beyond the state-specific ones). In sum, Krieger's argument that the Massachusetts Notification is misleading and in violation of the FDCPA "constitutes the sort of idiosyncratic interpretation that the standard is designed to guard against." Morse v. Dun & Bradstreet, Inc., 87 F. Supp. 2d 901, 904 (D. Minn. 2000). I therefore grant FRS's motion to dismiss this claim.

### C. The Payment Coupons

Next, Krieger alleges that FRS's inclusion of three coupons, each stating that the "current balance" was the full amount owed on the debt ($938.22), misled him to believe that he must pay the full amount owed three times in order to pay off the debt. Compl. ¶¶ 34-40. Krieger claims that by restating the full amount owed in each of the three coupons, rather than listing one third of the total balance on each coupon, FRS violated the FDCPA's prohibition on a debt collector's using false, deceptive or misleading representations in connection with the collection of a debt. Id. ¶ 33; see also 15 U.S.C. § 1692e.

FRS responds that if a consumer were to read the letter "in its entirety," he or she could not be confused as to the amount owed on the debt. Def.'s Br. at 11 (citing McStay, 308 F.3d at 191). First, FRS argues that none of the coupons were misleading because each showed the correct balance. Id. at 11-12. Moreover, the letter states in six different locations that the total

amount due on the debt was $938.22. FRS thus contends that if Krieger had read the entire letter, he "could easily conclude that the outstanding amount owed is $938.22 and would not be misled [by] reading that same outstanding balance on three separate coupons." Def.'s Br. at 12.

I agree with FRS that the inclusion of the coupons as set forth in the Initial Notification could not mislead a consumer about the amount he or she owed. Though it is true that the FDCPA seeks to prevent the "collecti[on] [of] amounts in excess of the debt or interest owed," S. Rep. No. 95-382, at 8 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1702, the notice here could not reasonably be understood as a demand by FRS to receive $938.22 thrice over. To the contrary, and as defendant notes, the Initial Notification repeatedly and unambiguously recited the correct total amount owed on the debt. Such clarity cannot be read as a violation of the FDCPA.

Krieger mistakenly relies on Kolganov v. Phillips & Cohen Assocs., Ltd., No. 02-CV-3710, 2004 WL 958028 (E.D.N.Y. Apr. 8, 2004), in which a collection notice listed the balance owed but also stated that additional fees and interest charges applied. Id. at *3. Kolganov held that because the FDCPA requires debt collectors to "clearly specify the amount of debt owed," the collection letter's failure to spell out what, if any, additional charges the consumer owed beyond the balance listed violated the FDCPA. Id. Krieger argues that Kolganov is analogous to the instant case because "[t]he coupons inform Krieger that he owes three times what he actually owes." Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Dismissal ("Pl.'s Br."), Dkt. #10-2, at 5. But unlike the debt collector in Kolganov, FRS stated the figure representing the full amount owed multiple times in the Initial Notification and did not deceive Krieger concerning the existence or amount of other fees or additional interest.

The Initial Notification repeatedly and clearly states the amount owed on the debt, and "when . . . read in its entirety, it contains no contradiction and creates no reasonable confusion" to the least sophisticated consumer. McStay, 308 F.3d at 191. Accordingly, I grant FRS's motion to dismiss plaintiff's second claim.[4]

## CONCLUSION

For the reasons set forth above, I grant FRS's motion and dismiss the complaint with prejudice.

SO ORDERED.

/s/(ARR)

_____
Allyne R. Ross
United States District Judge

Dated: July 5, 2016
Brooklyn, New York

---

[4] Krieger also argues that the coupons create confusion because they are listed as "1 of 3," "2 of 3," and "3 of 3," which "clearly impl[ies] that each one must be detached and paid in consecutive order," thus supporting his theory that a consumer could be confused as to how many times he had to pay the amount owed. Pl.'s Br. at 5. Although there may be some set of facts where this argument holds weight, this case is not one of them. As set forth above, FRS informed Krieger multiple times—and at multiple locations on the letter—the total amount that he owed.